**In re A.H. ROBINS COMPANY, INC., Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**In re KRAUSE & ROLLINS, CHARTERED.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

July 13, 1998.

Krause & Rollins, Chartered, Minneapolis, MN, for Movant.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM*

SPENCER, District Judge and BLACKWELL N. SHELLY, Bankruptcy Judge.

This matter is before the Court on the motion of Krause & Rollins, Chartered ("Krause")[1], for Reinstatement of Attorneys Fees (Docket No. 23056). For the reasons which follow, the Court will DENY the motion.

---

1. For purposes of this motion, "Krause" refers to both the firm of Krause & Rollins, Chartered, and to James B. Hovland who represented Dal-

kon Shield claimants for five years before joining the firm in 1986.

## I.

On March 1, 1995, this Court entered an Order Disallowing Unreasonable Attorneys Fees On Pro Rata Distribution (the "March 1 Order"). Paragraph 2 of that Order prohibits counsel for Dalkon Shield personal injury claimants from "charging or receiving, directly or indirectly, any compensation or fees, based upon or out of any pro rata distribution received by a Dalkon Shield Personal Injury Claimant from the Trust . . . in excess of ten percent of such pro rata distribution." This Court rejected all challenges to its jurisdiction to enter the March 1 Order. This ruling was unanimously affirmed by the Court of Appeals for the Fourth Circuit in *In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. 128 (E.D.Va.1995), *aff'd*, 86 F.3d 364 (4th Cir.1996).

The March 1 Order also prescribed a procedure to be followed by any attorneys or firms who objected to the disallowance and wished the Court to consider reinstating fees above the ten percent limit. The procedure included the requirement that such motions to reinstate fees be filed with the Court no later than April 17, 1995. The Order gave notice of the opportunity for argument and an evidentiary hearing before the Court. On April 28, 1995, counsel for Krause appeared before the Court and presented evidence in support of its Motion For Reinstatement Of Attorneys Fees. However, having stayed the proceedings on all of the individual motions to reinstate fees during the pendency of the appeal to the Fourth Circuit (Docket No. 23514), this Court never addressed the merits of Krause's Motion.

Following the unsuccessful appeal to the Fourth Circuit, this Court entered an Order, dated September 17, 1996, addressing the sixty-two motions to reinstate fees still pending before the Court. (Docket No. 29532). That Order directed certain movants to file their proposed findings of fact and conclusions of law in support of their motions to reinstate fees by November 1, 1996. Krause made a timely submission and the matter is now ripe for disposition.[2]

## II.

 Krause is a firm from Minneapolis, Minnesota, that has represented Dalkon Shield claimants since 1981. In providing such representation, Krause asserts that it has expended considerable resources and incurred substantial financial losses over the years. While the Court recognizes Krause's efforts on behalf of its clients, the Court nevertheless finds that based on the present record, Krause's involvement in this case does not constitute the type of "extenuating circumstances" that this Court has held to be required in order for an attorney or firm to be entitled to a fee of more than ten percent. *See In re A.H. Robins Co. (Order Limiting Attorneys Fees)*, 182 B.R. at 138. In reaching this conclusion, the Court is guided by the Fourth Circuit's ruling that the pro rata payment is a "bonus" that is paid over and above the amount of an individual's full settlement of a claim. *See Robins*, 86 F.3d at 369–70, 375. Moreover, this Court has determined that the availability of pro rata payments did not result from the legal efforts of counsel, but from the effective management of the Trust. *See In re A.H. Robins Co. (Order Limiting Attorney Fees)*, 182 B.R. at 136. Accordingly, when considering pro rata fees, this Court's focus is not on an attorney's efforts on the underlying claim, but on the efforts required for the client to receive the pro rata payment.[3] In the instant case, the mere fact that Krause has, as compared to other Dalkon Shield attorneys, expended more resources in obtaining the maximum settlement for its clients, does not entitle it to charge a higher fee for the ministerial task of forwarding its clients their pro rata distributions.

2. The Dalkon Shield Claimants Trust takes no position with respect to Krause's present motion.

3. *See In re A.H. Robins Co. (Order Limiting Attorney Fees)*, 182 B.R. at 135 ("[T]he reasonableness of fees charged against a claimant's underlying recovery from the Trust and the reasonableness of fees charged against a claimant's pro rata payment [are two distinct issues]. In reviewing the reasonableness of fees, there is a critical distinction between a claimant's underlying recovery on a Dalkon Shield claim and her subsequent receipt of a pro rata payment.").

### III.

The Court finds that Krause has failed to present the type of "extraordinary case" or "extenuating circumstances" that would justify relief from the Court's March 1, 1995 Order. *See id.* at 138, 140 n. 15. In the absence of such a showing, the ten percent fee is "not only reasonable, but overly generous." *Robins,* 86 F.3d at 377. Krause's motion will therefore be DENIED.